UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

A.R.,

      Plaintiff,

vs.                                                Civ. No. 25-514 JFR/GJF

ACADIA HEALTHCARE COMPANY,
INC., ACADIA MANAGEMENT
COMPANY, LLC, YOUTH AND
FAMILY CENTERED SERVICES OF
NEW MEXICO, INC. d/b/a DESERT
HILLS, and ANGELICA LYNN,

      Defendants.

## ORDER TO FILE RULE 7.1 NOTICE AND AMENDED NOTICE OF REMOVAL

THIS MATTER comes before the Court *sua sponte*, following its review of the Notice of Removal filed by Defendant Acadia Healthcare Company, Inc. on June 2, 2025. ECF 1. Defendant removed this action to federal court citing diversity jurisdiction. *Id.* ¶ 3. Pursuant to its *sua sponte* duty to determine jurisdiction, the Court finds the Notice of Removal insufficient.

    A.    **Rule 7.1 Notice**

The Complaint alleges that Plaintiff is a "resident" of Delaware [ECF 1-1 ¶ 1], and the Notice of Removal alleges that Defendant Acadia Healthcare Company, Inc. is incorporated in Delaware and thus a citizen of Delaware. ECF 1 ¶ 5. These allegations are not sufficient to determine the Court's diversity jurisdiction, however, because Plaintiff alleges only his residency and not his citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (residency is not equivalent to citizenship); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely).

In federal court, Rule 7.1 requires a party to file a disclosure statement as to his or her own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."); *see also id.* Committee Notes - 2022 Amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction."). In keeping with this intent, the Court orders Plaintiff to file a Rule 7.1 notice within 7 days of the date of this Order to disclose his citizenship.

B.  **Amended Notice of Removal**

The removing party bears the burden of establishing the requirements for federal jurisdiction. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013). The Notice of Removal is deficient in multiple ways. The Court therefore orders Defendant Acadia Healthcare Company, Inc. to file an amended notice of removal, or alternatively a motion to remand to state court. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300–02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

First, the Notice of Removal fails to allege Plaintiff's citizenship. It was Defendant Acadia Healthcare Company, Inc.'s burden to ascertain Plaintiff's citizenship prior to removing the case. Therefore, the Notice of Removal is deficient in this respect.

Second, the Notice of Removal is deficient in alleging the citizenship of Defendant Acadia Management Company, LLC. It alleges that this defendant is "formerly a foreign registered corporation with its principal place of business in Tennessee. Thus, Acadia Management is a citizen of Tennessee for diversity jurisdiction purposes." ECF 1 ¶ 6. But determining the citizenship of an unincorporated entity such as limited liability company ("LLC") is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. Whereas a corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business, *see id.* § 1332(c), an LLC is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel*, 781 F.3d at 1237-38 (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"); *see also* NMSA § 53-19-7 (an LLC is an association of persons). Defendant Acadia Management Company, LLC appears by name to be an LLC, yet the Notice of Removal treats it like a corporation, alleging its principal place of business and place of incorporation. If Acadia Management Company, LLC is indeed an LLC, the amended notice of removal must allege the citizenship of each LLC member. If Acadia Management Company, LLC is indeed incorporated, the amended notice of removal must explain the discrepancy in its name.

Third, the Notice of Removal alleges that "Defendant Youth and Family Centered Services of New Mexico, Inc. d/b/a Desert Hills ('Desert Hills'), is a corporation with its principal place of business in New Mexico. Thus, Desert Hills is a citizen of New Mexico for diversity jurisdiction purposes." ECF 1 ¶ 7. This allegation fails to establish the place of incorporation of this defendant. The amended notice of removal must allege the place of incorporation to fully allege the citizenship of this defendant.

Finally, the Notice of Removal alleges that "Defendant Angelica Lynn allegedly resides in Washington." ECF 1 ¶ 8. Again, residency is not equivalent to citizenship, and it is the removing defendant's burden to establish jurisdiction. Thus, the amended notice of removal must allege this defendant's citizenship as well.

**IT IS HEREBY ORDERED** that Plaintiff file a citizenship disclosure statement that fully complies with Rule 7.1(a)(2) no later than **June 11, 2025**.

**IT IS FURTHER ORDERED** that Defendant Acadia Healthcare Company, Inc. amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11, no later than **July 3, 2025**. Alternatively, if it appears that both Plaintiff and Acadia Healthcare Company, Inc. are citizens of Delaware, Defendant Acadia Healthcare Company, Inc may file a motion to remand this case to state court.

**IT IS FINALLY ORDERED** that if such an amended notice of removal or motion to remand is not filed by July 3, 2025, the Court may remand this action back to state district court.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

4